UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lorilei N. Perry, | ) | **C/A:** 2:13-2186-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| The State of South Carolina; Dorchester County, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by the Plaintiff *pro se*, and is before the Court for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable

basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319. Further, while this Court is also required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## Allegations of the Complaint

Plaintiff's first set of allegations stem from her divorce from Kenneth Perry. (*See* ECF No. 1 at 1.) She alleges that she was deceived into a false agreement by Perry and his lawyer, John Frampton. According to Plaintiff, conditions were placed on her which were impossible to comply with, even though she attempted. (*Id.* at 2.) Apparently, during the divorce proceedings, Plaintiff was charged with contempt of court. Plaintiff complains of many errors that Judge Nancy McLinn committed during the proceedings, including that Judge McLinn convicted her without proper due process, proper legal representation, or jury. (*Id.* at 2–3.) Plaintiff imputes Judge McLinn's improprieties to the State of South Carolina. (*Id.* at 3.)

After her conviction, Plaintiff wrote a "very harsh note" to her ex-husband, apparently prompting a second contempt charge. (*Id.*) Plaintiff filed a suit wherein she alleged, *inter alia*, that Judge McLinn had not provided her with a fair and impartial trial. Judge Leslie Riddle presided over a hearing, at which Plaintiff requested a court-appointed attorney and a jury trial, which Judge Riddle denied. Plaintiff contends that Judge Riddle violated her rights to a court-appointed attorney and to

2

a trial by jury, and threatened her liberty without proper due process. (*Id.* at 4.) She imputes Judge Riddle's wrongdoing to the State.

When Plaintiff's request for change of venue was heard, Judge William Wylie presided. (*Id.*) Because he denied her request, Plaintiff complains that Judge Wylie violated her rights. Judge Wylie convicted Plaintiff of contempt of court, again denying her due process. Plaintiff believes she should recover against the State for this unlawful practice.

Plaintiff also complains of a January 2013 police raid into her house which caused her and her sons "considerable psychological distress which required several sessions with a therapist to overcome." (*Id.* at 5.) She brings suit against both the State and Dorchester County for violations of her rights associated with this raid.

Plaintiff's next set of claims involves a Dorchester County code enforcement agent, Merial Greenhill. (*Id.* at 6.) As a result of Greenhill's interactions with Plaintiff, Plaintiff received two citations. When asked, Greenhill refused to answer "who was accusing her," thus denying Plaintiff her right to face her accuser. (*Id.*) During Plaintiff's hearing, she requested a court-appointed attorney, which Judge Tara Richardson denied. Plaintiff says that she was denied the opportunity to enter any evidence. Moreover, the attorney representing the County was her ex-husband's attorney, John Frampton. Plaintiff was found guilty, but because "the appellate process is too daunting for her to pursue on her own," her right to proper legal representation was denied. (*Id.* at 7.)

Greenhill came out to Plaintiff's home again and wrote a second citation for the same offense. Plaintiff claims this is double jeopardy and harassment without due process. (*Id.*)



3

Plaintiff requests monetary damages of $50 million, and that the defendants "be held responsible for the actions of law enforcement officials." (*Id.* at 8.) She asks that no statute of limitations be applied because the courts denied her access to proper legal representation. Plaintiff also filed a "Petition for Stay of Order," requesting an order preventing any court or law enforcement agent "from taking any legal action against her until her complaint can be heard and resolved in federal court with a jury." (ECF No. 2 at 1.) She further asks for a stay of any current or future court orders until her complaint is heard and resolved. (*Id.* at 2.)

## Discussion

Plaintiff asserts her claims under 42 U.S.C. § 1983, alleging that the above-described actions violated her constitutional rights. However, Plaintiff has not sued any of the individuals involved in these actions; rather, she has chosen to proceed against the State of South Carolina and the County of Dorchester, the apparent site of the alleged wrongdoings.

### The State of South Carolina

As an initial matter, it is well settled that the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a § 1983 damages suit brought against the State of South Carolina. *See Alden v. Maine*, 527 U.S. 706 (1999); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 61–71 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although its language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would



4

not be served if a state could be sued by its citizens in federal court.[1] The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781; *Seminole Tribe of Fla.*, 517 U.S. 44, 58 (1996) (holding that "the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). And although a State may consent to a suit in a federal district court, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n.9 (1984), the State of South Carolina has not consented to such actions, *see* S.C. Code Ann. § 15-78-20(e). Accordingly, Plaintiff cannot pursue her claims against the State of South Carolina in this § 1983 action.

### The County of Dorchester

With respect to Plaintiff's constitutional claims against the County of Dorchester, this Defendant is subject to liability under § 1983 only if "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Thus, a municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997); *see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993) ("[A] municipality can be

---

[1] State agencies and state instrumentalities, such as the South Carolina Circuit Courts and a South Carolina Sheriff's Department, share this immunity when they are the alter egos of the state. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).

sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury"); *Kirby v. City of Elizabeth City*, 388 F.3d 440, 451 (4th Cir. 2004); *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (quoting *Monell*, 436 U.S. at 694) (holding that a municipality may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of [municipal] employees are taken in furtherance of some municipal 'policy or custom'"). Plaintiff does not specifically mention Dorchester County except in the caption of her Complaint; she otherwise makes no allegations against this entity, nor does she allege that any of the conduct or actions of which she complains were the result of any custom or policy of Dorchester County. As Plaintiff fails to identify a policy or custom of Dorchester County which caused her federal rights to be violated, she fails to state a claim against this local governmental entity.

### The Rooker-Feldman Doctrine

To the extent that Plaintiff wishes for her complaint to "be heard and resolved in federal court," this court does not have jurisdiction to review the various decisions issued by the South Carolina state courts in which she has appeared. Longstanding precedents preclude the United States District Courts from reviewing the findings or rulings made by state courts, including decisions of a state court having jurisdiction over domestic relations matters. Appeals of orders issued by lower state courts must go to a higher state court, with only the Supreme Court of the United States being able to review a decision of a state court in a direct appeal. 28 U.S.C. § 1257; *see also id.* § 1738 (federal court must accord full faith and credit to state court judgment). In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the United States Supreme Court held that a federal district court lacks authority to review final determinations of state or local courts



6

because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *Id.* at 476; *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review by federal district courts of state court proceedings or judgments is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine, and applies even when a challenge to a state court decision concerns a federal constitutional issue. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 484–86. The principle of the *Rooker-Feldman* doctrine was reaffirmed in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), which held that the *Rooker-Feldman* doctrine applies when the loser in a state court suit files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *See also Davani v. Va. Dep't of Transp.*, 434 F.3d 712 (4th Cir. 2006). Further, the Rooker-Feldman doctrine applies even if the state court litigation has not reached a state's highest court. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3–4 (9th Cir. 1986).

Plaintiff's claims include findings of guilt on two contempt of court charges and municipal citations. As Plaintiff is claiming that she was injured by decisions made and outcomes reached in Dorchester County courts, to rule in Plaintiff's favor on her constitutional claims would, necessarily, require this Court to overrule and reverse orders and rulings made in the state courts. Such a result is prohibited under the *Rooker-Feldman* doctrine. *Davani*, 434 F.3d at 719–20; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293–94; *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 201 (4th Cir. 1997).

## **Recommendation**

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process. *See Denton*

7

*v. Hernandez, supra*; *Neitzke v. Williams, supra*; *Haines v. Kerner, supra*; *Todd v. Baskerville,*

*supra*, 712 F.2d at 74; 28 U.S.C. § 1915.

_____
Bristow Marchant

August 29 , 2013
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

